N. Y. & Balt. Coffee Polishing Co. agt. N. Y. Coffee Polishing Co. (Ld.)

## U. S. CIRCUIT COURT.

THE NEW YORK AND BALTIMORE COFFEE POLISHING COMPANY, complainant, agt. THE NEW YORK COFFEE POLISHING COMPANY (LIMITED), defendant.

*Perpetuation of testimony by bill in equity — What must be shown to entitle party to order.*

Where a bill was filed to obtain, under section 866 of the United States Revised Statutes, a direction that the testimony of a witness A. might be taken in *perpetuam rei memoriam*, alleging that complainant has been and still is using a certain process for which defendant has letters patent, that such letters patent are void for want of novelty, and in case suit shall be brought by defendant against plaintiff for infringement, the plaintiff relies for its defense upon the testimony of A., who had himself made use of the process years before the patent was issued, that A. is upwards of ninety years old, and that defendant neglects to bring such suit for infringement:

*Held* (overruling demurrer to bill), that the deposition, if taken, would be admissible in the suit which complainant fears, section 867 not being applicable to testimony perpetuated by direction of the United States circuit court under section 866.

*Held*, also, that there is a necessity for perpetuating this testimony, because, assuming the United States attorney-general has power to institute a proceeding to annul the defendant's patent for want of novelty, still it rests with the attorney-general and not the plaintiff to say whether such proceeding shall be instituted, and whether A. shall be called as a witness.

*Eastern District of New York, January*, 1882.

*Richards & Heald* and *Henry P. Starbreck*, for complainant.

*Goodrich, Deady & Platt*, for defendant.

BENEDICT, *J.* — This case comes before the court upon a demurrer to the bill. The bill is filed to obtain at the hands of this court a direction that the testimony of a witness named William Newell may be taken in *perpetuam rei memoriam*. The provision of statute under which the bill is filed

is found in section 866 Revised Statutes, where it is provided that " any circuit court, upon application to it as a court of equity, may, according to the usages of chancery, direct depositions to be taken in *perpetuam rei memoriam* if they relate to any matters that may be cognizable in any court of the United States."

The allegations of the bill, which are material on the present occasion, are these : That the complainant has been and still is using in the city of New York a certain process to the use of which the defendant claims the exclusive right under letters patent of the United States. That such letters patent are void for want of novelty. That in case suit shall be brought by the defendant against the plaintiff for infringement of the said patent, the plaintiff relies for its defense upon the testimony of William Newell. That said Newell had himself made public use in the United States of the said process for upwards of twelve years before the said patent was issued. That said Newell is upwards of ninety years of age. That the defendant has neglected and still neglects to bring a suit against the plaintiff for its infringement of said patent, and the plaintiff is unable to bring its rights to a judicial determination.

In support of the demurrer to this bill it is first contended that the proceeding is vain, because the deposition, if taken, will never be admissible in evidence in the suit which the complainants fear. This position is supposed to be sustained by the provision in Revised Statutes, section 867, where it is provided that " any court of the United States may, in its discretion, admit in evidence in any cause before it any deposition taken in *perpetuam rei memoriam* which would be admissible in a court of the state wherein such cause is pending, according to the laws thereof." But the effect of the provision last quoted is misunderstood by the defendant. The provision is intended to permit the courts of the United States to admit in evidence testimony perpetuated according to the laws of the state, and in no wise relates to testimony

NEW YORK PRACTICE REPORTS. **487**

N. Y. & Balt. Coffee Polishing Co. agt. N. Y. Coffee Polishing Co. (Ld.)

perpetuated by direction of a circuit court of the United States in pursuance of the statute of the United States under which this bill is filed. Testimony so perpetuated is admissible in evidence in accordance with the usages and practice of courts of the United States and by virtue of section 866, but not by virtue of 867. The object of the bill is therefore legitimate and the proceeding not vain.

The next ground taken in support of the demurrer is that the bill does not show a necessity for perpetuating the testimony of the witness in order to preserve the plaintiff's rights, inasmuch as, upon the facts stated in the bill, it would be the duty of the attorney-general, upon the application of the plaintiff, to institute a proceeding in the name of the United States to annul the defendant's patent, in which proceeding the testimony of the witness Newell could be taken with like benefit to the plaintiff as if taken by direction of this court in this proceeding, or in a suit brought by the defendant against the plaintiff.

It may be admitted that in cases of this description the rule is not to sustain the bill if it be possible that the matter in question can, by the party who files the bill, be made the subject of immediate judicial investigation (*Angell* v. *Angell, Sim. & St.*, 89), but no opportunity to have such a judicial determination appears open to the plaintiff in this case.

Clearly the proceeding by the attorney-general, supposed by the defendant to be possible, is not such an opportunity to bring the matter to a judicial determination as the rule requires. If it be assumed that the attorney-general has power to institute a proceeding in the name of the United States to annul the defendant's patent for want of novelty (*as to which see Attorney-General agt. Rumford Chemical Works*, 9 *Official Gaz., p.* 1062), still it rests with the attorney-general or the United States attorney and not with the plaintiff to say whether such a proceeding shall be instituted, and if so where and when instituted and whether the testimony of the witness Newell shall form part of the testimony

in such proceeding. The plaintiff is without power to compel the institution of such a proceeding, and it cannot be known that such a proceeding will ever be instituted.

It is said the presumption is that a public officer will do his duty, but such presumption does not warrant the conclusion that the attorney-general or the United States attorney will as of course institute a proceeding to annul the defendant's patent upon the plaintiff's application and assertion that the patent is void for want of novelty. There is no absolute duty imposed upon the attorney-general or any United States attorney, either by the common law or by any statute, to institute a proceeding to annul a patent issued for an invention when applied to by any party asserting its invalidity for want of novelty.

Besides the right which the plaintiff asserts in this bill is the right to have the validity of the defendant's patent adjudicated upon a consideration of the testimony of the witness Newell in regard to the fact asserted by the bill to be within the knowledge of that witness; and if the plaintiff's application to the attorney-general for a proceeding to annul the defendant's patent would create a duty on the part of the attorney-general to institute such a proceeding no duty to call Newell as a witness would arise. Such a proceeding would be wholly within the control of the attorney-general (*Moury* agt. *Whitney*, 14 *Wall.*, 441), and the most that can be said is that it is possible that the plaintiff's right to the testimony of the witness could be preserved by a proceeding taken in the name of the United States, assuming but not deciding that the power to institute such a proceeding exists. Such a possibility affords no reason for refusing to entertain the bill under consideration.

There must be judgment for the plaintiff upon the demurrer, with leave to answer on payment of costs.